

1   ALVIN M. GOMEZ, ESQ. (SBN 137818)
    alvingomez@thegomezlawgroup.com
2   BORIS SMYSLOV, ESQ. (SBN 297252)
    boris@thegomezlawgroup.com
3   **GOMEZ LAW GROUP**
    2725 Jefferson Street, Suite 3
4   Carlsbad, California 92008
    Telephone: (858) 552-0000
5   Facsimile: (760) 542-7761

6
    Attorney for Plaintiff
7   FREDERICK R ZARICZNY

8

9

10              **UNITED STATES DISTRICT COURT**

11         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12   FREDERICK R. ZARICZNY,            CASE NO.: 2:23–cv–09066–SPG–MAR

13          Plaintiff,                 **FIRST AMENDED COMPLAINT**
                                       **FOR DAMAGES FOR:**
14   v.                               **1) NEGLIGENCE;**
                                       **2) STRICT PRODUCTS LIABLITY-**
15                                     **DESIGN DEFECT- CONSUMER**
     HARLEY-DAVIDSON, INC. and DOES 1  **EXPECTATION;**
16   through 20, inclusive,            **3) STRICT PRODUCTS LIABLITY-**
                                       **DESIGN DEFECT- RISK- BENEFIT;**
17          Defendants.                **4) STRICT PRODUCTS LIABLITY-**
                                       **DESIGN DEFECT- FAILURE TO**
18                                     **WARN;**
                                       **5) PRODUCTS LIABLITY-**
19                                     **NEGLIGENCE;**
                                       **6) EXPRESS WARRANTY;**
20                                     **7) IMPLIED WARRANTY OF**
                                       **MERCHANTABILITY; AND**
21                                     **8)IMPLIED WARRANTY OF**
                                       **FITNESS FOR PARTICULAR**
22                                     **PURPOSE.**

23

24                                     **DEMAND FOR JURY TRIAL.**
25

26

27

28                                         1

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST., SUITE #3
CARLSBAD, CALIFORNIA 92008

Plaintiff FREDERICK R. ZARICZNY (hereinafter referred to as "Plaintiff"), hereby alleges:

## I.    PARTIES

1.    Plaintiff is, and at all times herein mentioned was, an adult residing in the County of San Diego, State of California.

2.    Plaintiff is informed and believes and thereon alleges that Defendant, Harley-Davidson Motor Company Group, LLC, erroneously named as HARLEY-DAVIDSON, INC. (hereinafter "Defendant" or "Harley-Davidson") and DOES 1 through 10, inclusive, (jointly referred as "Defendants") are registered in, and operating throughout, the State of California, including within County of Los Angeles.

3.    Plaintiff is ignorant of the true names and capacities of the defendants, sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this First Amended Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by defendants' negligence.

4.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein as a "DOE" was the agent and/or employee of each of the remaining defendants, and was at all times acting within the purpose and scope of such agency and/or employment.

5.    At all times herein mentioned, DOES 1 through 5, inclusive, were the agents, and/or employees of defendants, and DOES 6 through 10, doing the things hereinafter alleged were acting within the scope and their authority as such agents, servants and employees and with the permission and consent of their co-defendants.

## II.    JURISDICTION AND VENUE

6.    This Court has diversity jurisdiction over this action under the 28 U.S.C. § 1332(a)(1). The matter in controversy in this action exceeds $75,000.00, exclusive of interests and costs, and Plaintiff on the one hand, and Defendant Harley-Davidson

2

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

Motor Company Group, LLC, on the other, are citizens of different states.

7.    Venue is established as proper by the Court's Order on Defendants' Motion to Change Venue, Docket Number 13.

### III.    PLAINTIFF ALLEGAGIONS

8.    Plaintiff is the owner of a 2021 Harley-Davidson Sport Glide (the "Motorcycle" (singular), while "Motorcycles" (plural) refers to all the affected models) that he purchased in December of 2022 from Biggs Harley-Davidson in San Marcos, California. Biggs Harley-Davidson is a registered Dealer for the Defendant Harley-Davidson Motor Company Group, LLC as it can be verified on the website http://www.harley-davidson.com. Plaintiff was an anticipated third-party beneficiary of the Defendant Harley-Davidson Motor Company Group, LLC and Biggs Harley-Davidson, upon information and belief, was an agent of the Defendant for the purpose of selling the Motorcycle to Plaintiff. The Motorcycle had only 1800 miles on it when Plaintiff bought it. Plaintiff is a very experienced motorcycle rider and a member of Bikers For Christ ("BFC"). BFC is a Christian motorcycle ministry and he purchased the Motorcycle intending to use it during the group's ministries. However, on December 24, 2022, while Plaintiff was repositioning the Motorcycle in his garage, he was thrown to the ground when the kickstand (hereinafter "kickstand" means a side standing device installed on M8 Softail models of Harley-Davidson motorcycles) failed.

9.    Plaintiff suffered serious injuries after the incident. For example, Plaintiff fractured his wrist and had to have plates and screws inserted. As a result, he continues to suffer agonizing pain in his wrist and thumb and lost the ability to do everyday tasks, such as buttoning his shirt. Plaintiff's injuries have also affected his hobbies, as he lacks the ability play bass guitar for the Full Throttle Band, which he had played with since 2011. Plaintiff has had to undergo physical therapy to rebuild the strength in his wrist.

10.    Additionally, Plaintiff's work has been affected by the incident. Due to his injuries, Plaintiff has not been able to perform many of his job duties for BFC or attend many events. For instance, Plaintiff is unable and has limited ability to operate a computer keyboard with both hands, which severely limits his productivity at work.

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

FIRST AMENDED COMPLAINT FOR DAMAGES

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

11.    Plaintiff contacted the Harley-Davidson parts department to determine if they have any type of fix for this unsafe kickstand. Plaintiff then learned that Defendant Harley-Davidson Motor Company Group, LLC does not make anything to fix this problem with the kickstand.

12.    Plaintiff purchased the Motorcycle to ride it for pleasure and as a part of his ministry in BFC which include riding on the Motorcycles. However, having a Motorcycle that Plaintiff cannot safely park or move or safely use, which are ordinary and intended uses, Plaintiff is unable to utilize the Motorcycle as intended.

13.    Plaintiff is informed and believes and thereon alleges that the Motorcycles were defective at time of their manufacture, design, development, production, assembly, building, testing, inspection, installation, equipping, endorsement, exportation, importation, wholesaling, retailing, selling, renting, leasing, modification, and repair and entrustment, and that they failed to meet the reasonable expectations of safety of reasonable persons, like Plaintiff, and that any benefits derived from the design of said Motorcycles were substantially outweighed by the risk of harm inherent in said design, in that, and not by way of limitation, despite the availability to Defendant of safer alternative designs, said Motorcycles presented a substantial and unreasonable risk of injury to the users of said vehicles or those in the vicinity of their use.

14.    Furthermore, falling of the motorcycle creates scratches on its surface, or more severely damaging it. Also, over the time, incomplete connection of the kickstand with the flooring of owners' garages damages surface, most commonly, vinyl among other damages to the property of the owners of Motorcycles.

15.    Specifically, Plaintiff is informed and believes and thereon alleges that said Motorcycles were defective in their design, construction, assembly and manufacture, and were dangerous to life and limb of the users, in that, among other things and not by way of limitation, said defective Motorcycles' kickstands were prone to fail causing the Motorcycles to fall, including on the drivers and/or passengers when the Motorcycles were parked ore moved from one place to another. The aforementioned defects created substantial dangers which were unknown to Plaintiff, among other

owners, users and the public in general, and would not be recognized by the ordinary user, and said Defendant failed to give adequate warning of such dangers and placed the defective kickstands in many of its products.

16.    The particular problem with the kickstand is that the manufacturer designed and installed it at an improper angle and/or size which effects the stability of the kickstand and motorcycle as it does not lock into place and gives way. It is very important for the bottom of the kickstand to fully lay on the ground, because its only in this position it locks and the motorcycle becomes stable and safe. Defendant, however, designed and installed the kickstand under an improper angle and/or size which does not allow the bottom of the kick stand to have a stable connection with the pavement it attempts to dig into the pavement. As the result, the lock on the kickstand is unable to properly lock and the motorcycle on this kickstand is not stable or safe – it can fall at any moment when properly and used in a foreseeable manner.

17.    Numerous companies and mechanics have provided a fix for the kickstand on Defendant's Motorcycles that would allow the stock kickstand to operate properly and fulfill its function. The fix includes installation of a simple metal part changing the angle of the kickstand. This part sells for approximately $100.00 plus cost and time for installation. Consumers, however, were not notified about their defective product, design and installation by the Defendant and Defendant failed to include this fix to the kickstand with the Motorcycles or provide any warning of a dangerous and defective kickstand to the consumers, users and the public.

18.    There are other "fixes" offered that can be used, including a pad for a kickstand to be screwed to its surface connecting to the ground that would provide elevation of 1.5-2.5 inches, changing the kickstand with Defendant's fat bob kickstand or even manually crafting a new kickstand on their own.

19.    The defects in the design, manufacture, configuration and assembly of the subject Motorcycle were a substantial factor in causing the Plaintiff's Motorcycle to fall when being parked or moved from place to place, because due to a faulty angle and/or the size the lock on the kickstands did not perform its function and Plaintiff was not

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

warned about it by Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive.

20.    Prior to the sale and distribution of said Motorcycles, Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, knew or should have known the Motorcycles were in a defective condition as previously described. Further, Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, through their officers, directors and managing agents, had prior actual and/or constructive notice and knowledge from several sources before the subject incident, including but not limited to the results of testing, reports, complaints, documents, internal memoranda, correspondence, news reports, and industry publications, that the subject Motorcycles were defective and presented a substantial and unreasonable risk of harm to the American motoring public, including Plaintiff, in that said defects unreasonably subjected drivers and passengers to a risk of being hit by falling Motorcycles as well as risk of damaging motorcycles themselves when they fall.

21.    On information and belief, Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive had actual and/or constructive knowledge about the issue with failing kickstand – there were numerous complaints on Youtube, Reddit and specialized forums for Harley-Davidson users, along with knowledge of managers of Defendant's dealers and complaints to Defendant's part shops. Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, however, did not remedy this issue, which is especially egregious when one takes into consideration that one of the possible solutions was to install another Defendant's kickstand, widely available on the market.

22.    Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive knew or should have known based on actual and/or constructive notice about the defect of the kickstand based on the following:

/ / /

/ / /

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

| Date | Source | Statement |
|------|--------|-----------|
| 04/13/2020 | Youtube channel "ConnorFXDB" video Harley Kickstand Swap \| M8 Lowrider FXLR | Regarding similar kickstand at 2:12 of the video author states: "If you park on a hill steep enough, it\s gonna lean and dig and possibly fall over with just a right amount of breeze" |
| ~2 years before the date of the Second Amended Complaint | Youtube channel "ConnorFXDB" video Harley Kickstand Swap \| M8 Lowrider FXLR, Comment by @Crowbar381 | @Crowbar381 <br> 2 years ago <br> Over time, the stand will still probably damage the vinyl in the van. Put a carpet tile in there for the stand to rest on |
| ~2 years before the date of the Second Amended Complaint | Youtube channel "ConnorFXDB" video Harley Kickstand Swap \| M8 Lowrider FXLR, Reply of Connor FXDB to Comment by @Crowbar381 | @ConnorFXDB <br> 2 years ago <br> thanks for the tip! And 100% correct haha it began to make a small groove/indent on the vinyl flooring. Thank you for watching! |
| ~3 years before the date of the Second Amended Complaint | Youtube channel "ConnorFXDB" video Harley Kickstand Swap \| M8 Lowrider FXLR Comment thread | @paulson9616 <br> 3 years ago <br> Conner, I have 20 LRS and as far as suspension goes, I have not mod anything for the suspension. I really hate my OEM KS n would this mod help me to stabilize better than what I have now? <br><br> @ConnorFXDB <br> 3 years ago <br> paul son howdy Paul! Great question! I believe it would because it has a slightly wider area that makes contact with the ground unlike the stock fxlr kickstand triangle <br> @paulson9616 <br> 3 years ago <br> @ConnorFXDB I have been thinking about this ks swap again n again, with no suspension upgrade with mine as it is stock height, the fatbob ks would stabilize better to |

GOMEZ LAW GROUP
A Professional Corporation
2725 Jefferson St. Suite #3
Carlsbad, California 92008

| | | the ground when it engaged? You mentioned that FB ks is bit longer n straight compared to 20 softail LRS and I was wondering would this hinder with space when it is disengaged n fold under the primary cover.<br><br>@ConnorFXDB<br>3 years ago<br> @paulson9616  thats what I was curious about! But it is very similar to the LR one. I just believe with it having a more sturdy foot and not so much of a short step it makes it appear longer without any disadvantages. It most def feels sturdier when Im leaning the bike over on it thank you for watching!! |
|---|---|---|
| 05/09/2020 | Reddit thread "jiffy stand problems on M8 Fatbob" posted in specialized community for Harley-Davidson "r/Harley" | Since buying my new '20 FXFBS 2 months ago I've had problems with the jiffy stand not wanting to lock in place when deployed. It'll kick forward no problem, but when i go to lean it over and it should settle in and lock it feels like it's not lined up and won't go. If i work the bike a little it'll haltingly work its way down until it's locked. This doesn't happen every time i use it, but if i've been on a long ride or the bike has sat for a few hours it will do this every time.<br>I figured it may need some breaking in so i kept my eye on it, but i told the dealer about it when i brought it in for its 1K. The shop guy was confused so had me demonstrate and he thought it was weird so he told them to look at it. When i got it back they just said "working as normal" on the paperwork, but while they had me trying it out again (which it did it once more in front of them) one of the guys mentioned it looked like it was wearing a groove. |

GOMEZ LAW GROUP<br>A PROFESSIONAL CORPORATION<br>2725 JEFFERSON ST. SUITE #3<br>CARLSBAD, CALIFORNIA 92008

FIRST AMENDED COMPLAINT FOR DAMAGES

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

| | | |
|---|---|---|
| | | He then kept reiterating that it's working as normal. For a bike in this price bracket it doesn't sound normal to me, but wanted some opinions before i go hammering on their or HD's door demanding some answers. I've seen a few references to what sound like similar issues on other M8's, but nothing detailing resolutions. I figured if it was a lube issue they would've done that when it was serviced, but this being my first encounter with this dealer (moved recently, so hard to see my old dealer) i'm not sure how much i trust them. |
| 5/10/2020 | Reddit thread "jiffy stand problems on M8 Fatbob" posted in specialized community for Harley-Davidson "r/Harley" Comment | user_jedi ·3 yr. ago20 FXLRS I have the same issue on my 2020 softail. I notice when it's on the smooth surface of my garage floor there is no issue, but when I get on a surface with grip it won't work its way all the way down unless I give it some muscle. I think the jiffy stand needs a little room to slide on the surface to fully engage. Just my 2 cents though. |
| 06/20/2021 | YouTube Channel "Ridin Dad" Video "Kickstand Lowering Kit from Bare Knuckle Performance INSTALL - M8 Low Rider S" Comment section | @love2breathe737 1 year ago I don't like the stand at all to cheap compared to the old locking stand, In my opinion the stands locking mechanism is really junk....I'm designing and building a modification that uses the old original Harley kick stand for my 2019 FLHC that I can trust.

@RidinDad 1 year ago I don't mind these at all. Just make sure it's all the way forward and then when you lean over the bike |

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

| | | make sure it engages all the way. I've never had an issue @rogerclove3476 1 year ago @RidinDad Dad ...I respect your point of view but my issue is the part that locks in is really flimsy and over time will shear off so I would rather fix it now, I've already fixed 95% of the flaws that Harley should have fixed before they left the factory but didn't. At least there is no oil burning in my sled anymore and the crankcase and intake is vented through a complete air/oil Seperator system that I designed and built all in one package...Ride save Dad...BEST...<br><br>@RidinDad 1 year ago Completely get where you're coming from man. You too! |
|---|---|---|
| 11/11/2022 | YouTube Channel "Paul Yaffe's Bagger Nation" video "FIXSTAND (M8 Softail Kickstand Correction) – INSTALLATION" | The video explains in details problems owners of M8 Softail might encounter with their stock kickstands. |
| 01/29/2023 | YouTube Channel "Ridin Dad" Video "My Machinist Kickstand Block INSTALL for your M8 LOW RIDER S! - FXLRS/FXFB" Comment section | @Switch_N_Gears 8 months ago Nice, everyone could use an extension for their kickstand . I'll have to go check out the link and get one!<br><br>@RidinDad 8 months ago Every inch counts!!! @Switch_N_Gears 8 months ago @RidinDad wise words |

23.    With these postings on public platforms, including public community specifically designated to Harley-Davidson, Defendants Harley-Davidson Motor

FIRST AMENDED COMPLAINT FOR DAMAGES

Company Group, LLC and DOES 1 through 10, inclusive knew, or should have known about the issues with its kickstands.

24.    Despite such knowledge, Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, acting through their officers, directors and managing agents, for the purpose of enhancing Defendant's profits, knowingly and deliberately failed to remedy the known defects in said Motorcycles, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects. Said Defendant and individuals intentionally proceeded with the design, manufacture, sale, distribution and marketing of said Motorcycles, knowing persons would be exposed to serious potential danger in order to advance their own pecuniary interest. Defendant's conduct was despicable, and so contemptible that it would be looked down upon and despised by ordinary decent people, and said conduct was carried on by Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive with a willful and conscious disregard for the safety of Plaintiff and others, entitling Plaintiff to exemplary damages under Civil Code section 3294.

25.    As a result of the negligent and wrongful conduct of Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, Plaintiff has sustained injuries and damages, including the replacement and fix of the defective kickstand.

26.    As a further result of the conduct of Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, Plaintiff incurred severe and long lasting bodily injuries as a result of the actions and inactions herein described.

27.    As a further direct and proximate result of the acts and omissions of Defendants Harley-Davidson Motor Company Group, LLC and DOES 1 through 10, inclusive, and each of them, Plaintiff has incurred special damages in an amount according to proof at trial.

/ / /

/ / /

/ / /

**GOMEZ LAW GROUP**
A Professional Corporation
2725 Jefferson St. Suite #3
Carlsbad, California 92008

# I.

## **FIRST CAUSE OF ACTION**

### **General Negligence - As Against All Defendants**

28.     Plaintiff refers to the allegations contained in paragraphs 1 through 27 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

29.     Plaintiff had the expectation that the Defendants' Motorcycle he purchased was safe and fit for use on public roadways and surfaces by persons such as Plaintiff and to be relocated within the garage.

30.     As Plaintiff was moving the Motorcycle within the garage, the kickstand failed which caused the Motorcycle to fall on Plaintiff and caused Plaintiff to suffer severe injuries.

31.     The failure of the kickstand mechanisms on the Motorcycle, Plaintiff's subsequent injury by the falling Motorcycle and the Plaintiff's resulting injuries were caused by the negligence of the aforesaid Defendants who failed to engage in reasonable care in the manufacture, possession, operation, inspection, control, maintenance, and design of their motorcycles.

32.     The aforementioned acts and omissions on the parts of Defendants, and each of them, were the actual and proximate cause of Plaintiff's injuries.

33.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

34.     As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

35.     As a further direct and proximate result of Defendants' negligence,

FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

36. Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

## II.

## SECOND CAUSE OF ACTION

### Strict Products Liability-

### Design Defects- Consumer Expectation Test

37. Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 27.

38. Plaintiff alleges the Defendants' motorcycle design was defective as the motorcycle had a faulty kickstand and the motorcycle did not perform as an ordinary customer would have expected it to perform.

39. The Defendants manufactured, distributed, sold or rented for fee the motorcycle that injured Plaintiff.

40. The motorcycle did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

41. Plaintiff alleges Defendants were aware of the defect.

42. Use of the product by Plaintiff was foreseeable.

43. Plaintiff, Frederick R. Zariczny, was harmed; and

44. The Defendants' motorcycle's failure to perform safely was a substantial factor in causing Plaintiff's harm.

45. As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

46. As a further direct and proximate result of defendants' negligence,

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

13

1 Plaintiff was compelled to and did incur expenses for medical care and he will have to

2 incur like expenses in the future, all in amounts presently unknown to him. Plaintiff

3 will either seek leave to amend this complaint once such amounts are known, or will

4 prove said amounts at the time of trial.

5     47.    As a further direct and proximate result of Defendants' negligence,

6 Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown

7 to him. Plaintiff will either seek leave to amend this complaint once such amounts are

8 known, or will prove said amounts at the time of trial.

9     48.    Therefore, Plaintiff is entitled to general and special damages he

10 suffered as the result of Defendants' conduct, according to proof.

**III.**

**THIRD CAUSE OF ACTION**

**Strict Products Liability-**

**Design Defect- Risk-Benefit Test**

15     49.    Plaintiff alleges and reincorporates by reference each and every

16 allegation set forth in full herein, paragraphs 1 through 27.

17     50.    Plaintiff alleges the benefits of the defective design do not outweigh the

18 risks of inherent danger in such defective design.

19     51.    Plaintiff alleges the gravity of potential harm resulting from the product

20 was extreme and highly probable to result in serious injury.

21     52.    The likelihood that serious harm would occur was highly likely when the

22 kickstand fails.

23     53.    A safer alternative kickstand was available at the time of manufacture.

24     54.    The cost of the alternative design was reasonable.

25     55.    Disadvantages of an alternative design were slight compared to other

26 factors.

27     56.    As a direct and proximate result of Defendants' negligence, Plaintiff

28 suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

noneconomic damages in a sum to be proven at the time of trial.

57.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

58.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

59.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

## IV.

### FOURTH CAUSE OF ACTION

### Strict Products Liability-

### Failure to Warn

60.    Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 27.

61.    Plaintiff alleges product lacked sufficient instructions of potential risks.

62.    Plaintiff alleges product lacked sufficient warnings of potential risks of harm as to failure of kickstand on Defendants' motorcycle.

63.    Defendants manufactured, distributed, sold or rented the motorcycle.

64.    The motorcycle had potential risks known in light of the knowledge generally accepted in the community at the time of manufacture, distribution, sale, rent or lease.

65.    The potential risks of harm presented a substantial danger when the motorcycle is used or misused in an intended or reasonably foreseeable way.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

66. Ordinary customers, including Plaintiff, would not have recognized the potential risks.

67. Defendants failed to adequately warn of the potential risks.

68. Plaintiff was harmed; and

69. The lack of sufficient instructions or warning was a substantial factor in casing Plaintiff's harm.

70. As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

71. As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

72. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him. Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

73. Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

**V.**

**FIFTH CAUSE OF ACTION**

**Products Liability-**

**Negligence**

74. Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 27.

75. Plaintiff alleges se was harmed by Defendant's negligence and Defendants should be held responsible for the harm caused.

76.    Defendants designed, manufactured, sold or leased the motorcycle.

77.    Defendants supplied the motorcycle.

78.    Defendants failed to adequately inspect the motorcycle sufficient to avoid liability for the resulting harm.

79.    Defendants failed to adequately repair the motorcycle sufficient to avoid liability for the resulting harm.

80.    Defendants sold the harmful product to Plaintiff that caused the harm.

81.    Defendants' negligence was a substantial factor in causing Plaintiff's harm.

82.    Defendants failed to use the requisite amount of care in the design, manufacture, inspection, and repair of the motorcycle that a reasonably careful supplier would use in similar circumstances to avoid exposing other to a foreseeable risk of harm.

83.    Defendants knew or should have known the likelihood and severity of potential harm from the motorcycle outweighed the burden of taking safety measures to reduce the harm.

84.    Defendants failed to use reasonable care in the inspection of the motorcycles for defects.

85.    Defendants failed to make the motorcycles safe for their intended use.

86.    Defendants failed to warn of any known dangers of the motorcycles to consumers.

87.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

88.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

prove said amounts at the time of trial.

89.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

90.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

## VI.

### SIXTH CAUSE OF ACTION

### Express Warranty-

### 15 U.S.C. §§ 2310(d)(1), 2301(6).

91.    Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 27.

92.    Defendants represented by words or actions the motorcycle was safe for consumer operation, but the motorcycle was not as represented.

93.    Defendants provide written warranties on their product websites representing statements of fact, descriptions of the model of the motorcycle, samples and models of the motorcycle received by Plaintiff that motorcycle is safe for consumer use.

94.    The motorcycle did not perform as stated and did not meet the quality of the descriptions, samples, or models expressed on given company websites soliciting purchase of motorcycles.

95.    Plaintiff took reasonable steps to notify Defendants within a reasonable time that the motorcycle was not as represented, whether or not Defendants received such notice.

96.    Defendants failed to repair the motorcycle as required by the warranty expressed on websites soliciting purchase of the motorcycles.

97.    Plaintiff was in fact harmed by the motorcycle.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

98.     The failure of the motorcycle to be as represented was a substantial factor in causing Plaintiff's harm.

99.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

100.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

101.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

102.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

**VII.**

**SEVENTH CAUSE OF ACTION**

**Implied Warranty of Merchantability-**

**15 U.S.C. §§2301(7)**

103.    Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 27.

104.    Plaintiff also claims that she was harmed by the product that he purchased from Defendants because the motorcycle he purchased did not have the quality that a consumer would expect.

105.    Plaintiff purchased the motorcycle from the Defendants, who purchased the motorcycle from other Defendants who manufacture and supply the motorcycles to be sold to the consumers

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

106.    At the time of purchase, Defendants were in the business of manufacturing, selling and/or leasing these goods and held themselves out as having special knowledge or skill regarding these goods.

107.    Plaintiff further alleges the motorcycle was not of the same quality as those generally acceptable in the trade.

108.    The motorcycle was not fit for the ordinary purposes for which such goods are used.

109.    The motorcycle that injured Plaintiff did not conform to the quality established by the parties' prior dealings or by usage of trade.

110.    Plaintiff took reasonable steps to notify Defendants within a reasonable time that the motorcycle did not have the expected quality.

111.    Plaintiff was in fact harmed.

112.    The failure of the product to have the expected quality was a substantial factor in causing Plaintiff's harm.

113.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

114.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

115.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

116.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

# VIII.

## EIGHTH CAUSE OF ACTION

### Implied Warranty of Fitness for a Particular Purpose

117.    Plaintiff alleges and reincorporates by reference each and every allegation set forth in full herein, paragraphs 1 through 27.

118.    Plaintiff further alleges he was harmed by the motorcycle that he purchased from Defendants because the motorcycle was not suitable for Plaintiff's intended purpose.

119.    Plaintiff purchased the motorcycle from Defendants.

120.    At the time of purchase, Defendants knew or had reason to know that Plaintiff intended to use the product for a particular purpose.

121.    At the time of lease, Defendants knew or had reason to know that Plaintiff was relying on their skill and judgment to select or furnish motorcycles that were suitable for the particular purpose.

122.    Plaintiff justifiable relied on Defendant's skill and judgment.

123.    Plaintiff alleges the motorcycle he purchased was not suitable for the particular purpose.

124.    Plaintiff took reasonable steps to notify Defendants within a reasonable time that the motorcycle was not suitable.

125.    Plaintiff was harmed.

126.    The failure of the motorcycle to be suitable was a substantial factor in causing Plaintiff's harm.

127.    As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, and other noneconomic damages in a sum to be proven at the time of trial.

128.    As a further direct and proximate result of defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and he will have to incur like expenses in the future, all in amounts presently unknown to him.  Plaintiff

will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

129.    As a further direct and proximate result of Defendants' negligence, Plaintiff suffered wage loss and earning capacity, all in amounts presently unknown to him.  Plaintiff will either seek leave to amend this complaint once such amounts are known, or will prove said amounts at the time of trial.

130.    Therefore, Plaintiff is entitled to general and special damages he suffered as the result of Defendants' conduct, according to proof.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For loss of earnings and earning capacity according to proof;

4.    For costs of suit herein incurred;

5.    Interest;

6.    For punitive damages;

7.    Attorney's fees afforded under governing statutes; and

8.    For any other relief or damages allowed by law, or statutes not set out above, and such other and further relief as the court may deem proper.

Dated: November 29, 2023                **GOMEZ LAW GROUP**
                                        By:
                                        _____/s/ Alvin M. Gomez_____.
                                        Alvin M. Gomez, Esq.
                                        Boris Smyslov, Esq.
                                        Attorney for Plaintiff
                                        Frederick R. Zariczny

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON ST. SUITE #3
CARLSBAD, CALIFORNIA 92008

22

**DEMAND FOR TRIAL BY JURY**

Plaintiff FREDERICK R. ZARICZNY hereby demands a trial by jury.

Dated: November 29, 2023                    **GOMEZ LAW GROUP**
                                            By:
                                            _____/s/ Alvin M. Gomez_____.
                                            Alvin M. Gomez, Esq.
                                            Boris Smyslov, Esq.
                                            Attorney for Plaintiff
                                            Frederick R. Zariczny

FIRST AMENDED COMPLAINT FOR DAMAGES